J-S01008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THEODORE STEVE GRIER, a/k/a | : | |
| STEVEN GRIER, | | |
| | : | |
| Appellant | : | No. 121 WDA 2014 |

Appeal from the PCRA Order entered on January 14, 2014
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0007431-2004

BEFORE:  GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 5, 2015**

Theodore Steve Grier, aka Steven Grier ("Grier") appeals from the Order denying his Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant factual and procedural history in its Opinion, which we incorporate herein by reference.  **See** PCRA Court Opinion, 9/22/14, at 1-3 (unnumbered).

On appeal, Grier raises the following issue for our review:  "Whether [Grier] was entitled to a new trial based upon the after-discovered evidence of Taili Thompson [("Thompson"),] who would testify that all drugs found at the bar belonged to [] Thompson and not [Grier], [Grier] had no drugs on

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

him, and [Grier] did not assault any officers?" Brief for Appellant at 3 (capitalization omitted).

Grier points out that he presented Thompson as a witness at trial, but that Thompson was deemed "unavailable" because he invoked his privilege against self-incrimination. *Id*. at 12  Grier asserts that Thompson reasserted his willingness to testify on Grier's behalf in an Affidavit dated February 6, 2013, but could not recall if he ever communicated to Grier a willingness to testify prior to executing the Affidavit. *Id*. Accordingly, Grier claims, he has complied with the PCRA timeliness requirements. *Id*. at 12-13. Grier points out that, at the evidentiary hearing conducted by the PCRA court, Thompson testified that Grier did not assault any officer, did not possess any drugs, and the drugs found at the bar belonged to Thompson. *Id*. at 13-14. Grier asserts that, when he saw police entering the bar, Thompson dropped the drugs on the floor, near Grier. *Id*. at 14. Grier contends that Thompson's testimony constitutes exculpatory evidence which, if believed by the fact finder, would have resulted in a different verdict. *Id*. at 16-18.

The PCRA court set forth the relevant law, addressed Grier's claim, and concluded that it lacks merit for the reason that Grier could have raised the issue previously. *See* PCRA Court Opinion, 9/22/14, at 3-5 (unnumbered). We agree with the sound reasoning of the PCRA court, and affirm on this basis. *See id*.

J-S01008-15

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015

- 3 -

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | CC No. 200407431 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| THEODORE STEVE GRIER a/k/a | ) | |
| STEVEN GRIER, Petitioner | ) | |
| | ) | |

FILED
2014 SEP 22 PM 1:52

## OPINION

In 2004, Petitioner was charged at CC No. 200407431 with three counts of Aggravated Assault, and one count each of Resisting Arrest, Tampering with or Fabricating Physical Evidence, and Possession.[1] Following a non-jury trial before this Court, Petitioner was found guilty of all charges except for the tampering offense. On July 30, 2007, the Court sentenced him to 10 to 20 years incarceration for the first count of aggravated assault; no further penalty was imposed at the remaining counts.

On September 5, 2007, Petitioner filed post-sentence motions *nunc pro tunc*, which were subsequently denied. Petitioner initiated a timely appeal on October 2, 2007. By unpublished memorandum opinion, the Superior Court affirmed Petitioner's judgment of sentence. On May 14, 2009, the Supreme Court of Pennsylvania issued a *per curium* Order in which it denied Allocatur.

On August 6, 2010, Petitioner filed a first petition under the Post-Conviction Relief Act ("PCRA"), wherein he claimed that the imposition of a mandatory minimum sentence under 42 Pa.C.S.A. § 9714 was illegal. On January 4, 2011, Petitioner was

---

[1] 18 Pa.C.S.A. § 2702 (a)(2) and (a)(3), 18 Pa.C.S.A. § 5104, 18 Pa.C.S.A. § 4910, and 35 P.S. 780-113(a)(16), respectively.

EXHIBIT   B

resentenced to 10 to 20 years imprisonment, with time credit from May 14, 2007. Petitioner timely filed post-sentence motions, which were denied by the Court on February 7, 2011. A timely appeal was taken therefrom. The Superior Court again affirmed Petitioner's judgment of sentence on May 8, 2012. On December 4, 2012, the Supreme Court denied Allocatur.

On March 7, 2013, Petitioner filed a *pro se* PCRA petition. This Court appointed Veronica Brestensky as counsel for Petitioner, and on April 30, 2013, an amended petition and brief in support were submitted. Therein, Petitioner raised three issues: (1) whether he was entitled to credit for time served; (2) whether his sentence was illegal due to the Court's failure to make a RRRI eligibility determination; and (3) whether he was entitled to a new trial on the basis of after-discovered recantation testimony evidence. The Commonwealth filed a response on July 9, 2013, wherein it conceded that Petitioner should receive the time credit, and requested that the Court resentence Petitioner to include on the record a determination that he is not eligible for RRRI.

On July 31, 2013, a hearing was held before this Court, whereat the Court determined on the record that Petitioner was not eligible for RRRI, and that he was entitled to two additional days of time credit. The Court then heard testimony from Taili Thompson in support of the after-discovered evidence allegation. Thompson testified that the drugs for which Petitioner was charged with possession belonged to him, and that Petitioner did not assault anyone in the bar on the night in question. This testimony was in direct conflict with the testimony of five witnesses for the Commonwealth at trial.

On October 25, 2013, the Court issued an Order notifying Petitioner of its intent to dismiss his PCRA petition. The petition was dismissed on January 14, 2014, after

this Court determined that the issue was patently frivolous and without support of the record. On January 17, 2014, Petitioner filed a notice of appeal and, simultaneously, a concise statement of errors complained of, pursuant to Pa.R.A.P. 1925(b). Therein, Petitioner raises the following issue, verbatim:

> Whether Defendant was entitled to a new trial based upon the after-discovered evidence of Taili Thompson who would testify that all drugs found at the bar belonged to Mr. Thompson and not Defendant, Defendant had not drugs on him, and Defendant did not assault any officers?

The Commonwealth has proffered that Petitioner's claim of after-discovered evidence is time-barred and waived; this Court agrees with the Commonwealth's assertion.

Under the PCRA, any petition for relief, including second or subsequent petitions, must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). However, an exception to this strict timeliness requirement arises if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). A petition invoking this exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The time limitations of the PCRA are jurisdictional, thus, a court has no ability to adjudicate a controversy in a petition that has been untimely filed. Commonwealth v. Fahy, 737 A.2d 214, 222 (Pa. 1999).

Although the first two claims in Petitioner's PCRA petition were timely brought, the third issue, which is the subject of the instant appeal, was untimely, as it could have been brought at an earlier date with the exercise of due diligence. Because Mr. Thompson would have implicated himself in illegal activity, leading to his own prosecution, he invoked his Fifth Amendment rights against self-incrimination during

Petitioner's original trial, resulting in his unavailability to testify. See Commonwealth v. Fiore, 780 A.2d 704, 711 (Pa. Super. 2001) ("A witness's invocation of his Fifth Amendment rights renders him unavailable."). However, a prosecution for violation of the Controlled Substance, Drug, Device and Cosmetic Act must be commenced within five years after it is committed. 42 Pa.C.S.A. § 5552(b)(2). Thus, as the original possession incident for which Thompson is claiming responsibility occurred on January 22, 2004, charges could be brought against him no later than January 22, 2009. Accordingly, he became available after that date, as he could no longer be prosecuted.

Furthermore, Thompson testified at the PCRA hearing that he had spoken to Petitioner about his willingness to testify prior to his signing of the February 6, 2013, affidavit. N.T. PCRA Hearing, 7/31/14, at 12. Thompson stated that he had been in contact with Petitioner, and that he had "always been willing to say what happened." Id. at 17. Based on this information, the Court properly found that Petitioner failed to exercise due diligence in procuring Thompson's testimony, therefore, his claim of after-discovered evidence does not overcome the timeliness requirements of the PCRA, and this issue is time-barred.

Likewise, this allegation of after-discovered evidence is waived under the provisions of the PCRA. A claim will be deemed "waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b) (emphasis added). Petitioner's first PCRA petition was filed August 6, 2010, after the statute of limitations had elapsed on the ability of Thompson to be prosecuted had he admitted ownership of the drugs in question. Hence, the after-discovered evidence claim should have been

included in the first PCRA petition and, due to Petitioner's failure to raise the issue at that time, the claim is waived. Accordingly, this Court properly dismissed the petition with regard to Petitioner's claim of after-discovered evidence.

BY THE COURT

ZOTTOLA, J.